# EXHIBIT A

```
1  ERIC V. LUEDTKE, ESQ. - STATE BAR #172360
   LAW OFFICES OF ERIC V. LUEDTKE
2  3230 E. Imperial Highway, Suite 208
   Brea, California 92821
3  Telephone No. (714) 579-1700
   Facsimile No. (714) 579-1710
4
   Attorneys for Plaintiff,
5  Karima Hussein
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUN 1 8 2018
J. Marcial

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF RIVERSIDE

KARIMA HUSSEIN,

    Plaintiff,

vs.

SPARTAN COLLEGE OF AERONAUTICS AND TECHNOLOGY; SPARTAN EDUCATION GROUP, LLC; LEVI MYERS, an Individual; and DOES 1 through 20, Inclusive,

    Defendants.

CASE NO.: RIC 1812229

Unlimited Jurisdiction
*Not Yet Assigned for All Purposes to:*

**COMPLAINT FOR DAMAGES:**

1) **Gender Discrimination-Sexual harassment**
2) **Race/National Origin Discrimination**
3) **Violation of Government Code**
4) **Violation of Government Code 12940-Hostile Work Environment**
5) **Religious Discrimination**
6) **Retaliation Under FEHA**
7) **Wrongful Termination in Violation of Public Policy**

PLAINTIFF ALLEGES AS FOLLOWS:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, KARIMA HUSSEIN (hereinafter "Plaintiff") is and at all times herein mentioned in this COMPLAINT was and is a resident of Riverside County, State of California.. For purposes of this pleading, the operative pleading or Complaint shall mean this "Complaint."

2. Plaintiff is informed and believe and, based thereon, alleges that defendants, SPARTAN COLLEGE OF AERONAUTICS AND TECHNOLOGY, and SPARTAN

1

COMPLAINT

EDUCATION GROUP, LLC, (hereinafter "SPARTAN" or "Defendants") was and at all relevant times herein mentioned was, an California Corporation, doing business in the county of Riverside, with its principal place of business in Riverside County to be at 4130 Mennes Avenue, Riverside, California 92509. Defendant LEVI MYERS (hereinafter, "MYERS" or "individual Defendant"), was employed by SPARTAN and interacted with Plaintiff who was in the State of California while Plaintiff was working in the County of Riverside, State of California. Defendants provided services and were and are in the private college business and Plaintiff was involved primarily in the Admissions Department being employed as a Field Manager/Enrollment Manager.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, Inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein is indebted and liable to Plaintiff as herein set forth.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times, except where otherwise indicated, each defendant was the agent, servant, or employee of each remaining defendant, and was at all such times, except where otherwise indicated, acting within the scope and purpose of such agency, and that each act of each defendant was authorized and ratified by each remaining defendant. Plaintiff's primary location of employment was in the County of Riverside, State of California and Plaintiff worked for Defendants in Riverside and also via her home sometimes in Riverside County.

5. Plaintiff was employed with Defendant company SPARTAN from November 30, 2015 through approximately July 13, 2016 when she finally received her last pay. Plaintiff was told that she was terminated on June 28, 2016.

6. Throughout her tenure of employment with Defendants, Plaintiff was a reliable and dedicated member of Defendants's team and her job performance was more than satisfactory over the tenure of her employment.

7. Plaintiff was terminated for the causes of actions and facts stated in this Complaint. Defendants, including individual Defendant LEVI MYERS harassed Plaintiff in a myriad of

2

ways by creating a hostile work environment, intervening in Plaintiff's work, bringing up non-work related private issues, and sexually harassing Plaintiff as well as being unprofessional. After Plaintiff complained to SPARTAN, Plaintiff was ostracized and ignored by Defendant Myers, was not invited to meetings, and was retaliated against, treated differently, and singled out. Defendants, including Defendant Myers, weaponized the strategies and practices of SPARTAN and its enforcement tools against Plaintiff in order to harass, retaliate and terminate Plaintiff.

8. At the time Plaintiff was terminated there were other employees similarly situated that remained who had less qualifications and experience than Plaintiff who performed all jobs and duties that Plaintiff was capable of doing and said employees remained employed instead of Plaintiff. Further, there was no good faith interactive process even though Plaintiff had complained about the hostile and stressful environment, harassment, and the lack of proper training for herself with respect to her job as well as all employees with respect to discrimination, harassment and proper job conduct. Defendants, including MYERS failed to hold a good faith interactive meeting and protect Plaintiff from discrimination.

9. Plaintiff was really given no reason for her termination other than she was told that there was a secret shopper. She asked questions but was not given an answer. All Defendants create attempted to create a negative reflection on Plaintiff in the hopes attempt to try to terminate Plaintiff for cause.

10. Plaintiff was harassed and discriminated due to the protected classes stated in this Complaint. Plaintiff was also sexually harassed, improperly stared at, told that she was gorgeous and beautiful and attractive, and asked in appropriate non job related questions. Defendants MYERS made sexual innuendos in front of Plaintiff, told perverted jokes, and often listened too and told jokes about "Black" people in front of Plaintiff as well as others. Defendant MYERS also questioned Plaintiff about her religion, that of being of the Islam religion, and told her he could not understand that religion. He would ridicule and put down Plaintiff's religion, talk about the wars in the gulf, belittle the Islamic religion and tell Plaintiff that he could not accept the Islamist religion. Other employees would tell Plaintiff that Defenant MYERS always wanted Plaintiff in his face and that he could not get enough of her looks and would always comment

3

about Plaintiff's looks. Plaintiff often worked overtime without pay and was not properly paid. She was asked and told that she needed to be available at all times of the day and night and Defendant MYERS would call Plaintiff at late hours and on weekends and just want to talk even thought there was no emergency. Plaintiff asked for training that she had heard that others received but she was never trained in the same way as others.

11. Plaintiff was discriminated because of her race, color, gender, national origin, and religion. Plaintiff was told as well as other employees that SPARTAN and Defendant MYERS preferred Males in her position and that Males were more reliable. Plaintiff and other emplyees were also told that SPARTAN in the middle of 2016 wanted to hire more males and non-blacks. With respect to the company hierarchy, there are no or a nominal amount of black persons in the higher management and administration at Defendants. Plaintiff was told by Defendant MYERS that she had no days off and that she needed to be on call at all times. Plaintiff was subjected to a hostile work environment where he was subjected to her continual sexual harassment, retaliation and discrimination.

12. Plaintiff was precluded from meetings and purposefully excluded from meetings that she should have been invited too and to training that she should have been given after she made complaints. When she would ask a questions about Defendant MYERS conduct, or pose any questions to him, he would respond because that is the way that it is and I'm a marine and because I said it is a good enough answer.

13. We also have knowledge that Plaintiff's job duties and responsibilities after her separation and termination form employment were given to employee(s) with less skills and experience than Plaintiff who were of a different race, national origin, and gender and who had not taken and leave from employment based upon medical issues. Defendants did nothing to protect Plaintiff from retaliation, discrimination and harassment, even though Human Resources and thus Defendants was aware of the discrimination, harassment, and retaliation. After Plaintiff's termination, the company changed the name and job title of the job that Plaintiff had and shortly after Plaintiff's termination, changed certain aspects of the job and its policies and procedures.

14. Throughout her tenure of employment with SPARTAN, Plaintiff's job performance

4

was more than satisfactory since her employment began with Defendants.. Likewise, Plaintiff had always performed all of her job duties satisfactory while she was employed with Defendants.

15. During the process in fighting the adverse employment actions, Plaintiff was retaliated against for whistle blowing as to working hours, complaints as to sexual harassment, and complaining that Defendants were not following proper procedures, guidelines and rules and well as violation of FEHA. Plaintiff did not receive her last check until on or after July 13, 2018 even though she was terminated prior thereto. During all relevant times, Plaintiff's direct supervisor was Defendant MYERS and she was to report to him and she had to interact with him.

16. The above described conduct has had a devastating effect on Plaintiff, her well being, and her family relationships. It has greatly affected sleeping habits, and caused much stress and other physical side affects to Plaintiff.

17. As a direct and proximate result of the unlawful conduct on the part of defendants, and each of them, as alleged herein, Plaintiff has suffered loss of earnings and employment benefits in an amount yet unascertained, but subject to proof at trial.

18. As a direct and proximate result of the unlawful conduct on the part of defendants, and each of them, as alleged herein, Plaintiff has suffered and continue to suffer injury, pain and suffering, loss of self esteem, humiliation, mental anguish and emotional distress, all to plaintiffs damage in an amount to be proven at trial, in excess of the threshold jurisdiction of this court.

19. As a direct and proximate result of defendants' discriminatory conduct as described herein, Plaintiff is entitled to recover general, special, punitive and other compensatory damages in amounts to be proven at trial. Plaintiff is also entitled to recover reasonable attorneys' fees and costs of suit as provided by California Government Code Section 12965(b).

20. The conduct of all defendants, including Defendant MYERS, and each of them, as alleged herein, was malicious, fraudulent, oppressive and despicable, in that defendants, and each of them, acted with full knowledge of the unlawfulness of such acts, and with conscious disregard of the consequence to plaintiff, as alleged herein, and with intent to harass and discriminate against plaintiff, and in willful, conscious, wanton and reckless disregard for plaintiff's rights and for the deleterious consequences and cruel and unjust hardship resulting to Plaintiff. Consequently, Plaintiff is entitled to exemplary and punitive damages from defendants.

///

## ADMINISTRATIVE PROCEDURES

21. Within one year of her termination from employment and Plaintiff receiving her final pay check from SPARTAN, Plaintiff filed charges of discrimination against all named Defendants for each cause of action stated herein under the FEHA with the California Department of Fair Employment and Housing (DFEH).

22. Plaintiff received her Right to Sue Notices from the DFEH within the past year and has filed this complaint within one year of the date of the letter on the Right To Sue Notice from the Fair Employment and Housing Act. Copies of said Notices were served on both Defendants.

## FIRST CAUSE OF ACTION

## GENDER DISCRIMINATION- INCLUDING SEXUAL HARASSMENT

### (Against All Defendants and all Does)

23. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 22 and incorporate the same as though fully set forth herein.

24. Plaintiff is a female.

25. This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940-41 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of a person's gender, and the corresponding regulations of the California Fair Employment and Housing Commission.

26. Based upon information and belief, no other males who held the similar title as Plaintiff were terminated or demoted in the middle of 2016 as was Plaintiff. One of the primary reasons for the adverse employment actions suffered by Plaintiff was because of her gender (being a female). There was a hostile working environment against Plaintiff based upon the facts alleged herein and SPARTAN and Defendant MYERS belief and policy was that males were preferred for the job that Plaintiff had during the relevant time period.

27. The conduct of Defendants, including MYERS, and each of them as alleged herein, constitutes unlawful discrimination on account of gender in violation of California Government Code Sections 12940 and 12941 in that Plaintiff was singled out for differential treatment, terminated, and deprived of her employment by reason of her gender, that being female.

28. At all times mentioned in this complaint, Defendants regularly employed more than 200 persons.

29. None of the discriminatory or retaliating conduct of defendants, or any of them as alleged herein, was based upon a bona fide performance problem or occupational qualification.

30. Plaintiff was at least as qualified, and based upon information and belief, more qualified to perform the duties and open positions that were later filled by others.

31. Plaintiff believes and alleges that plaintiff's gender was a substantial and determining factor in defendant employer's decision to sexually harass Plaintiff, discriminate, retaliate, and eventually terminate Plaintiff from the employment with SPARTAN.

32. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount in excess of the jurisdictional limit, the precise amount of which will be proven at trial.

## SECOND CAUSE OF ACTION

## RACE DISCRIMINATION AND NATIONAL ORIGIN DISCRIMINATION

### (Against Defendants SPARTAN and all Does)

33. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 32 and incorporate the same as though fully set forth herein.

34. Plaintiff is a female who is of Egyptian national origin and who is both African American and of the Arabic race.

35. This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940-41 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's race and national origin, and the corresponding regulations of the California Fair Employment and Housing Commission.

36. The conduct of defendants, and each of them as alleged herein, constitutes unlawful discrimination on account of age in violation of California Government Code Sections 12940 and 12941 in that Plaintiff was singled out for differential treatment, terminated, and

7

1. deprived of her employment by reason of her race and national origin.

2. 37. At all times mentioned in this complaint, defendants regularly employed more than 200 persons.

3. 38. None of the discriminatory or retaliating conduct of defendants, or any of them as alleged herein, were based upon a bona fide performance problem or occupational qualification.

4. 39. Plaintiff believes and alleges that Plaintiff's race was a substantial and determining factor in defendant employer's decision to harass, suspend, retaliate, discriminate and investigate/reprimand and terminate Plaintiff.

5. 40. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damages in an amount in excess of the jurisdictional limit, the precise amount of which will be proven at trial.

6. 41. Defendants and all Does committed the acts described in this complaint intentionally and knowingly with the intent to harm Plaintiff.

### THIRD CAUSE OF ACTION

### VIOLATION OF GOVERNMENT CODE SECTION 12940(k)

### Failure to Prevent Discrimination Under FEHA

### (Against Defendant SPARTAN)

42. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 41 and incorporate the same as though fully set forth herein.

43. At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on defendants. This subsection requires defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring. As alleged above, defendants violated this subsection by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

44. Defendant had knowledge of other employees claims of harassment and discrimination in violation of Government Code Section 12940 et seq. Nonetheless, Defendant did nothing to protect employees from offenders of the law.

45. Likewise, Defendants had knowledge that Plaintiff believed that she was being harassed, discriminated against and retaliated against without cause. In spite of this Defendants did not investigate the matter and allowed the discrimination, retaliation, and harassment against Plaintiff to continue up through the time that Plaintiff was terminated.

46. As a proximate result of defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, lost wages and compensation, all to her damage in a sum according to proof.

47. Defendants' conduct as described above was knowing, calculated and intentional.

48. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and pray leave of court to amend this Complaint when the amounts are more fully known.

## FOURTH CAUSE OF ACTION

## HARASSMENT -HOSTILE WORK ENVIRONMENT, VIOLATION OF GOVERNMENT CODE SECTION 12940

### (Against All Defendants and All Does)

49. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 48 and incorporates the same as though fully set forth herein.

50. At all times mentioned in this complaint, Government Code section 12940 et al. was in full force and effect and was binding on defendants. This subsection requires that defendants not harass employees. As alleged above, defendants violated this subsection by harassing Plaintiff, creating a hostile work environment, ignoring and ostracizing Plaintiff, humiliating Plaintiff, telling perverted and off color jokes, making unwanted sexual advances, and putting down Plaintiff's religion.

51. Defendant had knowledge of other employees claims of harassment and hostile work environment in violation of Government Code Section 12940 et seq. Nonetheless, Defendant did nothing to protect employees from offenders of the law.

52. Even after Plaintiff reported her complaints of unwelcomed advances, sexual innuendo's, comments about her looks, putting down black people and those of the Islamic religion, Defendants (including MYERS), continued to have Plaintiff work under, interact and

1 | report to the same violators, who also continued to harass and retaliate against Plaintiff for
2 | making such complaints and defending herself.

3 | 53. Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, general, compensatory and consequential damages, all to her damage in a sum according to proof.

6 | 54. Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof as to Defendants, including the individual named Defendant LEVI MYERS.

10 | 55. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and pray leave of court to amend this complaint when the amounts are more fully known.

## FIFTH CAUSE OF ACTION

## RELIGIOUS DISCRIMINATION UNDER FEHA

### (Against Defendants SPARTAN and All Does)

56. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 55 and incorporate the same as though fully set forth herein.

57. Plaintiff is a religious person and is that of the Islamic Faith/Religion. Plaintiff practices her religion. Defendant MYERS put down Plaintiff's religion on numerous occasions as well as the people that practice that religion. Plaintiff also requested a religious holiday and Defendant MYERS ignored the request and still scheduled Plaintiff to have to fly into Oklahoma on said day to work and told her that she could not observe her religious holiday.

58. This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940-41 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's religion, and the corresponding regulations of the California Fair Employment and Housing Commission.

///
///

## SIXTH CAUSE OF ACTION

## RETALIATION UNDER FEHA

### (Against All Defendants and All Does)

59. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 58 and incorporates the same as though fully set forth herein.

60. Plaintiff was retaliated for making her complaints under the FEHA of protected classes and that she was being sexually harassed as well as discriminated against based upon her gender and race. Plaintiff was also retaliated against for making requests to hold an meeting to discuss her concerns with the actions and conduct of Defendant MYERS.

61. This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940-41 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of retaliation.

62. The conduct of defendants, and each of them as alleged herein, constitutes unlawful discrimination in violation of California Government Code Sections 12940 and 12941 in that Plaintiff was singled out for differential treatment, terminated, and deprived of her employment because of retaliation and the complaints that she made as well as turning down sexual advances and late night and weekend calls to her.

63. At all times mentioned in this complaint, Defendants regularly employed more than 200 persons.

64. None of the discriminatory or retaliating conduct of defendants, or any of them as alleged herein, was based upon a bona fide performance problem or occupational qualification.

65. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount in excess of the jurisdictional limit, the precise amount of which will be proven at trial. Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof as to the named entity Defendants as well as to this cause of action defendant MYERS.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendants SPARTAN and all Does)

66. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 65 and incorporates the same as though fully set forth herein.

67. Plaintiff alleges that Defendants termination of Plaintiff was in violation of the public policy as expressed both in California Constitution Article I, section 8 which prohibits discrimination against employees based upon race, national origin, religion and gender, as well as sexual harassment. The above described conduct of Defendants also constitutes s discrimination, harassment and retaliation, and wrongful termination of Plaintiff in violation of public policy embodied in the FEHA.

68. As a direct, foreseeable, and proximate result of defendant employer's wrongful termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of the jurisdictional limit, the precise amount of which will be proven at trial.

69. Because the acts taken toward Plaintiff were carried out by managerial employees such as Defendant MYER's acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against defendant employers in an amount appropriate to punish and make an example of defendants. The acts, conduct and negligence of defendants caused Plaintiff to suffer emotional distress and, as a result thereof, Plaintiff has suffered damages as set out in this complaint in amounts to be proven at the time of trial.

## REQUEST FOR JURY TRIAL

Plaintiffs request and demands for a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against defendants, for each cause of action, as follows:

1. For general and compensatory damages in an amount according to proof;
2. For mental and emotional distress damages on each cause of action;
3. For exemplary and punitive damages in an amount appropriate to punish Defendants and set an example on each cause of action and also as to Defendant MYERS as to the first, fourth and sixth causes of action;
4. For an award of interest, including prejudgment interest, at the legal rate;
5. For an award of attorney fees;
6. For costs of suit herein incurred;
7. For a trial by jury; and
8. For such other and further relief as the court may deem just and proper.

Dated: June 14, 2018

RESPECTFULLY SUBMITTED,
LAW OFFICES OF ERIC V. LUEDTKE

By: _____
Eric V. Luedtke, Esq.,
Attorneys for Plaintiff,
Karima Hussein